**CIRCUIT COURT OF FAIRFAX COUNTY**

Palmer

v.

Thomas M. Fulcher et al.

October 14, 1987

Case No. (Law) 67416

By JUDGE JACK B. STEVENS

This matter is before the Court on motions by all defendants requesting the Court to reconsider the Court's decision on all motions previously filed and addressed in the Court's letter opinion dated February 19, 1987. The Court has considered the motions to reconsider and rules as follows.

1. *The Motions to Strike Plaintiff's Evidence, for Summary Judgment and for Judgment N.O.V.*

The Court denies these motions to reconsider. The Court remains of the opinion that a sufficient evidentiary basis existed for the case to go to the jury on the issues raised for the same reasons set forth in the Court's previous letter opinion of February 19, 1987.

2. *The Motion for New Trial by Fairfax Hospital.*

The Court is of the opinion that it erred in holding that the jury could apply a simple negligence standard

as to the Hospital and in so instructing the jury. As such, defendant Fairfax Hospital's motion for a new trial is granted.

### 3. "Stacking" of the Statutory Limitation to Each Defendant.

The Court remains of the opinion that the statutory language indicates that the $750,000 limitation applies to each defendant individually and not to the defendants collectively. Considering that a purpose behind the statute was to afford some assistance in holding down insurance premium cost, that purpose would not be served by limiting recovery to the statutory amount for the defendants collectively since insurance premiums are most assuredly charged to each defendant individually. This interpretation likewise is consistent with the singular language of the statute that "any verdict returned against *a* health care provider . . . shall not exceed. . . ." § 8.01-581.5. The Motions to Reconsider, insofar as they address this aspect of the Court's prior ruling, are denied.

### 4. The Unconstitutionality of the Statute on Equal Protection Grounds and the Right to Trial by Jury.

The Court has reconsidered Judge Fortkort's opinion and the cases cited to the Court and is of the belief that the Court erred in following Judge Fortkort and in holding § 8.01-581.15 unconstitutional on these grounds.

This Court, after reconsideration, believes that the "heightened scrutiny" test applied by Judge Fortkort is inapplicable to the case at bar. The correct test, in this Court's opinion, is the "rational basis" test. *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 57 L. Ed. 2d 595, 98 S. Ct. 2620 (1978). Applying the "rational basis" test to the case at bar leads to the conclusion that the constitutionality of the statute on equal protection grounds must be sustained. *Boyd v. Bulala*, 647 F. Supp. 781 (W.D. Va. 1986).

204

The Court is further of the opinion that it erred in following Judge Fortkort's opinion that the Virginia Constitutional right to trial by jury was violated. The law is clearly established that there is no vested interest in any rule of the common law. *Munn v. Illinois*, 94 U.S. 113 (1877); *Duke Power Co. v. Carolina Environmental Study Group, Inc., supra.* As such, no interference was had with Plaintiff's right to trial by jury for the purpose of ascertaining Plaintiff's damages within the parameters of the cause of action as defined by the legislature.

The Court therefore grants the motions to reconsider it's previous decision holding that the medical malpractice statute is unconstitutional and holds the same *not* in violation of the Equal Protection clause of the 14th Amendment or the Virginia constitutional right to trial by jury. The Court therefore directs that the verdict of the jury is reduced to the amount of $750,000, the statutory maximum, against the remaining defendants, Dr. Fulcher and Dr. Legaspi/Fairfax Anesthesiology Associates, Inc.